## Case No. 7,480.

### JONES v. The MASSACHUSETTS.

## Case No. 7,481.

### JONES et al. v. MERRILL et al. SAME v. NOYES et al. SAME v. OSTRANDER et al.

[8 O. G. 401.]

Circuit Court, N. D. New York. 1875.

---

4 [From 2 Hughes. 527.]

W. H. Bright, W. H. Clifford, and E. W. Fox, for complainants.

Smith, Markham & Smith, for Merrill & Soule.

Tower & Joslyn, for Noyes et al.

Sedgwick, Kennedy & Tracy, for Ostrander et al.

WALLACE, District Judge. The defenses interposed in these actions to the validity of the complainants' patents must be regarded as unavailing to the defendants for the purposes of this motion, because of the decision of the court in the First circuit in the case of Jones v. Sewall [Case No. 7,495]. It was there adjudicated upon final hearing, after full consideration, that the defenses that Isaac Winslow was not the original discoverer of the improvement; that it had been patented abroad, and described in public works prior to his alleged discovery; that it had been in public use or on sale for more than two years before his application for a patent, and had been abandoned to the public use, were not sustained by the proofs. That adjudication must be held controlling upon an application for a preliminary injunction, unless cogent evidence is presented in addition to that which was found insufficient upon the final hearing. The new evidence which has been adduced here as to prior use, is far less satisfactory than that which was held insufficient there, and the additional proof on the subject of prior publication is open to the same objections which were regarded as fatal there to this branch of the defense.

Upon the final hearing of these cases they must be determined each upon its own merits, and the validity of the patents will be an open question; but for present purposes the only question for consideration must be whether or not the defendants have infringed. In determining this question it is first necessary to ascertain the scope and extent of the patents. because the result of the controversy may hinge entirely upon the conclusion whether the right covers a broad claim or a narrow one. It was not necessary in the case in the First circuit to give accurate consideration to this question, because the defense stood solely on the validity of the patents and conceded infringement if they were valid.

The construction which seems to be the reasonable one, according to the liberal interpretation now accorded to patents, and in view of the history of the art of preserving fruits and vegetables, is, that the process secured to complainants involves three distinct features, each of which is essential to the result he has produced. These consist in the preservation of the corn by first separating the kernels from the cob; second, placing them in their natural juices in cans; and, third, sealing the cans hermetically and subjecting them to heat by water or steam until the kernels are thoroughly cooked. Adherence to these three features in the process is deemed vital to the result which the specifications signify as the great advantage and the sine qua non of the discovery—viz., the preservation of the article in its natural juices so that the milk of the corn will not be evaporated, its flavor rendered insipid, or its aroma lost. If any one of these three features of the process is discarded in the process of the defendants, there is no infringement. Hill v. Thompson, Webst. Pat. Cas. 229. They cannot escape liability, however, by the substitution of a feature which is but a colorable departure from either of those claimed by the patentees.

It seems not to be necessary to discuss the argument for the complainants by which a broader right is claimed under the patent for the product. The only product which is secured to the patentees is the one derived from the process which alone gives vitality to the claim. The product patent is not one for corn preserved green, but for corn preserved green by the process particularly described. Applying the rules adverted to as the test of infringement, it is quite apparent, so far as the facts now appear, that the defendants, Merrill & Soule, do not infringe by the process they adopt; because they discard one of the steps of complainants' process and substitute one in its place which complainants very clearly repudiate as fatal to success. While complainants place their corn in hermetically-sealed cans, and cook it by the application of water or steam to the cans, in order, as they state, that the juices of the corn shall be coagulated without evaporation or dilution, these defendants apply steam directly to the corn. The complainants disclaim this method, on the theory that when thus cooked the corn is insipid and unpalatable. In order to obviate the escape of the aroma and the evaporation of the milk and juices of the corn, these defendants have invented an apparatus which seems to accomplish the desired result, for which a patent has been granted them. One test of infringement is whether or not the process adopted by the alleged infringer is a sufficient departure from that of the patentee to amount to a substantive invention sufficient to support a patent as for a new thing. Curt. Pat. § 321. While the fact that they have obtained a patent is not controlling, it is entitled to some weight. It would seem that their substitute is one differing in principle from complainants. Clearly this is so, if their corn is thoroughly cooked by the direct application of steam before it is canned. The fact that after canning their corn they heat it again in a steam bath, militates somewhat against this conclusion. If that part of their process which is adopted prior to canning is but a colorable device, without practical result, or the process is really accomplished by the steam bath subsequently applied, they can-

not escape liability. But upon the evidence now presented they must prevail on this question, and as to them an injunction is therefore denied.

As to the defendants, John H. Noyes and others, (who constitute the "Oneida Community,") they claim to have used a different process from complainants, in that they cook their corn in an open vessel before canning it in a sirup, which they describe. The serious difficulty in the way of this defense lies in the doubt which the affidavits leave, as to whether or not this is anything more than a colorable departure from complainants' process. They cook their corn but a short time in the open vessel, and it is far from clear whether this part of the process has any material effect in the final result. It would be unjust, however, to determine this question adversely to them upon the affidavits used on this motion, and for this reason an injunction should be denied. Aside from this consideration, complainants, as to these defendants, are justly open to the imputation of laches. One of the assignors of the complainants visited defendants' manufactory in 1868, and saw their process, which, as then practiced, in the most adverse view to defendants, was not less an infringement than that now used by them. The complainants are chargeable with the knowledge of their co-owners of these facts, and from the time he became owner until the present, they have permitted these defendants to continue manufacturing. In addition to this, it appears that, in 1873, defendants sent a messenger to complainants for the express purpose of ascertaining if their process was considered by complainants a violation of the patents, and from information then received were evidently led to believe that it was not. They were not intentionally misled, doubtless, but complainants should have given them more explicit information, if they intended to treat them as infringers. These facts should shelter them upon this application.

As to these defendants the injunction is denied.

As to the defendants, Loomis, Allen & Co., they claim to use a different process from complainants, because they cook their corn in the ear thoroughly before subjecting it to heat in the sealed cans. But an exhibit of one of their cans of corn, as offered for sale by them, is produced, upon which is a printed label, which states: "This corn is picked when at proper size for table use, and cut from the cob while fresh and sealed at once, and then prepared by an entirely new process," &c. They also claim that their corn is cooked subsequently in the sealed cans, in a "liquid compound," but fail to describe this compound. They concede that they have contributed to a fund to contest the validity of complainants' patents.

Affidavits on part of complainants present admissions of one of the defendants that the cooking of the corn before canning it is so slight as to produce no effect upon it; whereby a strong inference arises that this feature is merely an evasive departure from complainants' process. If their label truthfully advertises their process, the conclusion that they have infringed is no longer a matter of inference, but is clearly proved. It may be explained upon the final hearing, but as the case now stands they must be concluded by it. It is in direct conflict with the process which they now claim to have pursued. It was made when they had no interest to warp the facts. If untrue, it was a misrepresentation to their patrons, and until it is explained in some manner consistent with good faith, they must be held to the statement which they published to the world.

Notwithstanding the strong case made against these defendants, they are entitled to the benefit of other considerations, which render it inequitable to grant an injunction against them unconditionally. The complainants have to a certain extent slept upon their rights for many years, during which time a large amount of capital has been embarked in all parts of the country in the business of preserving corn by processes substantially similar to theirs, in ignorance of the right they now assert to the exclusive monopoly of such business. If these rights had been promptly asserted, many individuals would have been saved from the jeopardy which now menaces their investments, and among them are these defendants. It is a general principle of equity jurisprudence that the court will not lend its extraordinary aid to any claimant who has encouraged or acquiesced in an infringement of his right, or unreasonably delayed in prosecuting for its violation. Compensation for damages accrued, and protection from future damages, is all such a complainant is entitled to. An order to secure such remedy will be made in this case.

As to these defendants an injunction is granted, unless within thirty days they file with the clerk of this court a bond in the penalty of $20,000, with sufficient sureties conditioned for the payment of such sum, if any, as may be decreed in favor of complainants on the final hearing of the cause, to be approved in form and as to sufficiency of sureties by the clerk of this court. And defendants must file monthly statements, under oath, with the clerk, of the amount of their manufacture and sale of preserved corn during the pendency of this action.